UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**John W. Ferron,**

    **Plaintiff,**

**v.**

    Case No. 2:07-CV-01133
    **JUDGE SMITH**
    **Magistrate Judge Kemp**

**DIRECTV, Inc.,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff John W. Ferron brought suit in state court claiming that Defendant DIRECTV, Inc. committed multiple violations of the Ohio Consumer Sales Practices Act, Ohio Revised Code Section 1345.01, *et seq.*  Defendant removed the case to federal court.  This matter is currently before the Court on Plaintiff's motion to remand this case to state court pursuant to 28 U.S.C. § 1447(c) (Doc. 8).  Plaintiff also moves for an order awarding attorney's fees and costs incurred in connection with the motion for remand. For the reasons that follow, the Court **DENIES** Plaintiff's motion.

## I. FACTUAL BACKGROUND

On September 13, 2007, Plaintiff filed his Complaint in the Franklin County Court of Common Pleas. On November 1, 2007, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1332, removing Plaintiff's Complaint to this Court on diversity jurisdiction grounds. Plaintiff's 67-page complaint alleges that Defendant's advertisements violated numerous provisions of the Ohio Consumer Sales Practices Act, Ohio Revised Code Section 1345.01, *et seq.* ("CSPA"). Defendant denies any violations of the CSPA.

The at-issue advertisements were allegedly run over the course of an entire year in Columbus area publications such as the Columbus Dispatch. The parties dispute the actual number of violations alleged by the Complaint. Plaintiff seeks statutory damages of $200 for each violation pursuant to O.R.C. § 1345.09(B), and an award of attorney's fees and costs pursuant to O.R.C. § 1345.09(F). (*See* Complaint at Plaintiff's Prayer for Relief).

On November 21, 2007, Plaintiff filed Plaintiff's Motion For Remand and an Award of His Attorney's Fees and Costs (Doc. 8). Defendant filed its brief in opposition on December 12, 2007, and on December 18, 2007 Plaintiff filed his reply (Docs. 9 and 10). Accordingly, Plaintiff's motion is ripe for this Court's review.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 1441 governs removal of civil actions from state court to federal court and provides that "any civil action brought in state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States . . . where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). In cases where the complaint does not specifically allege damages in excess of $75,000, the Court must determine if it "is more likely than not that the plaintiff's claims meet the amount in controversy requirement." *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000).

Defendants seeking removal to federal court bear the burden of proving that the district court possesses jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (*citing Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 155 (6th Cir. 1993)). "Jurisdiction is determined at the time of removal, and subsequent events, 'whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.' *Id.* (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 293 (1938)); *Rogers*, 230 F.3d at 872.

### III. ANALYSIS

Plaintiff concedes that the parties are diverse, but asserts remand is appropriate because the Complaint alleges damages of less than $75,000, thereby falling short of the amount-in-controversy threshold for diversity jurisdiction. (*See* Pl.'s Mot. to Remand at 5). Plaintiff argues that the total recoverable statutory damages in this case is $26,400, and therefore, the damages do not exceed the required $75,000. (Pl.'s Reply at 2-3). Plaintiff further asserts that accrued attorney's fees and costs do not help to establish the amount in controversy. (*Id.* at 2-3).

Defendant counters that diversity jurisdiction is established because it is "more likely than not" that Plaintiff's complaint seeks damages in excess of $75,000. (Def.'s Memo. in Opp. at 2). More specifically, Defendant contends that the Complaint seeks $72,600 in statutory

damages, and that amount, coupled with a reasonable estimate of the attorney's fees likely to be incurred, results in the requisite amount in controversy being met. (*Id*. at 4-6).

The disparity between the parties' assertions of the amount of statutory damages sought by the Complaint stems from a dispute over the number of violations of the CSPA alleged by Plaintiff's Complaint. Ohio Revised Code § 1345.09(B) states that a consumer may recover minimum statutory damages of $200 for violations of the CSPA. And, Ohio law appears to allow "stacking" of CSPA violations for purposes of computing statutory damages. *See Crye v. Smolak*, 110 Ohio App.3d 504, 512 (1996) ("[W]e conclude that where a supplier is found to have engaged in acts that constitute violations of separate rules or court rulings interpreting R.C. 1345.02 or 1345.03, the consumer is entitled to $200 *per* violation or his or her actual damages for each violation, whichever is greater.") Plaintiff asserts that the Complaint alleges a total of 132 violations. (Pl.'s Reply at 2). Defendant asserts that the Complaint alleges a total of 363 violations. (Def.'s Memo. in Opp. at 3).

Plaintiff created a chart in its Reply that seeks to demonstrate that for each of Defendant's 33 newspaper ads, there are four paragraphs in the complaint which allege a single violation. (Pl.'s Reply at 2-3). Plaintiff's chart correctly indicates that for each of Defendant's newspaper ads, there are four paragraphs in the Complaint alleging violations. Each paragraph, however, identifies an alleged particular act and then asserts *multiple* violations, not just a single violation as Plaintiff suggests. Thus, per newspaper ad, Plaintiff has alleged that Defendant has committed several acts which constitute violations of multiple rules. The Court's review of the Complaint reveals that Defendant was correct in concluding that Plaintiff's Complaint alleges 363 violations. From the face of the Complaint, it appears that Plaintiff seeks the minimum

4

statutory damages for each violation alleged. The product of the 363 violations by the $200 in statutory damages sought is $72,600.

The difference between the statutory damages sought and the required amount in controversy is $2,400. Defendant contends that the amount in controversy requirement is met because in addition to statutory damages, the Complaint seeks an award of reasonable attorney's fees. (Def.'s Memo. in Opp. at 4). Defendant further posits that the request for attorney's fees must be included in the computation of damages because the CSPA empowers a court to award attorney's fees to a prevailing plaintiff, and that such fees will certainly exceed $2,400 if Plaintiff is successful prosecuting this case. (*Id.* at 4-5). Plaintiff asserts that "The only way the Court could consider an award of Plaintiff's attorney's fees and costs . . . would be for the Court to conclude . . . that it is more probable than not that Plaintiff will ultimately prevail in his case and incur more than $48,000 in attorney's fees and costs." (Pl.'s Mot. to Remand at 7). The Court has already rejected Plaintiff's contention that the statutory damages sought is only $26,400, and so, $2,400—not $48,000— is the additional amount needed to satisfy the amount in controversy. In addition, Plaintiff has failed to cite any case law in support of his position that the Court must engage in a merits inquiry at this stage before considering attorneys' fees and costs.

Instead, the Sixth Circuit has recently confirmed that statutorily authorized attorneys' fees should be considered for purposes of calculating the amount in controversy. *Williamson*, 481 F.3d at 376-77 (*citing Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro*, 129 Fed.Appx. 194 (6th Cir. 2005) (unpublished)). Ohio Revised Code § 1345.09(F) specifically authorizes attorneys' fees: "The court may award the prevailing party a reasonable attorney's

5

fee." The Court agrees with Defendant that it is reasonable to conclude that Plaintiff will seek at least $2,400 in attorney's fees if he is successful in prosecuting this case. As Defendant points out, even a minimal amount of discovery and dispositive motion briefing will entail attorney's fees beyond $2,400.

Finally, the Court rejects Plaintiff's reliance on informal correspondence he sent to Defendant on November 2, 2007 and November 7, 2007, in which Plaintiff advised Defendant's counsel that Plaintiff's claims did not exceed $75,000 and asked for an immediate remand. (*See* Pl.'s Mot. to Remand at 9). Subsequent events, such as a statement suggesting the claim does not exceed the jurisdictional amount, or clarifications as to the amount contested, do not destroy federal jurisdiction. "When determining whether the amount in controversy has been satisfied, we examine the complaint at the time it was filed. Jurisdiction, once established, cannot be destroyed by a subsequent change in events." *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990). The Sixth Circuit has made it clear that if, on the basis of the plaintiff's complaint and state law, the plaintiff can recover more than the amount in controversy, federal jurisdiction is not defeated. *See e.g. Rogers*, 230 F.3d at 870 (plaintiff submitted affidavit that her damages could not exceed $75,000); *Williamson*, 481 F.3d at 375 (plaintiff stipulated that damages be limited to $74,999).

Accordingly, based upon the Court's examination of the Complaint at the time it was filed, the Court holds "it was more likely than not" that the Plaintiff's claims met the amount in controversy requirement, and thus, this Court possesses subject matter jurisdiction based on diversity of citizenship.

## IV.  CONCLUSION

For all of the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Remand and Award of Attorneys Fees (Doc. 8).

The Clerk shall remove Document 8 from the Court's pending motions list.

**IT IS SO ORDERED.**

       /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**